1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  ROSS WEINGARTEN (NYBN 5236401)
   Assistant United States Attorney
5
   450 Golden Gate Avenue, Box 36055
6  San Francisco, California 94102-3495
   Telephone: (415) 436-6747
7  FAX: (415) 436-7234
   Ross.weingarten@usdoj.gov
8
   Attorneys for United States of America
9
                          UNITED STATES DISTRICT COURT
10
                         NORTHERN DISTRICT OF CALIFORNIA
11
                               SAN FRANCISCO DIVISION
12

13 | UNITED STATES OF AMERICA,        ) CASE NO. 3-20-MJ-70929 MAG
                                     )
14 |     Plaintiff,                   ) STIPULATION AND [PROPOSED] ORDER
                                     ) EXCLUDING SPEEDY TRIAL TIME AND TIME
15 |  v.                              ) UNDER RULE 5.1 FROM OCTOBER 1, 2020 TO
                                     ) OCTOBER 19, 2020
16 | DINA GARTSMAN,                   )
                                     )
17 |     Defendant.                   )
                                     )
18 |                                  ) **[UNDER SEAL]**
                                     )
19

20       The parties, through their counsel of record, stipulate as follows:

21       1. The parties in the above-captioned matter are scheduled to appear for a status conference

22          with Magistrate Judge Thomas S. Hixson on October 1, 2020.  The purpose of the status

23          conference was to discuss the defendant's drug treatment plan.  However, the defendant

24          is currently doing well in treatment and the parties see no reason to appear before the

25          Court.

26

27

28

STIPULATION AND [PROPOSED] ORDER
3-20-MJ-70929 MAG

2. Furthermore, the parties believe they have reached a resolution in this case and the Defendant wishes to change her plea.  Therefore, the parties wish to vacate the status conference on October 1, 2020, and appear on the Duty Magistrate calendar for an arraignment on an Information on Monday, October 19, 2020.  The parties request that this matter remain under seal.

3. The government recently produced discovery to the Defendant.  Accordingly, the time between October 1, 2020 and October 19, 2020, should be excluded under the Speedy Trial Act because failure to grant the requested continuance would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  *See* 18 U.S.C. § 3161(h)(7)(B)(iv).  The ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendant in a speedy trial and in the prompt disposition of criminal cases.  *See id.* § 3161(h)(7)(A).

4. Furthermore, taking into account the public interest in the prompt disposition of criminal cases, there is good cause to extend the time limits under Federal Rule of Criminal Procedure 5.1(c). Accordingly, the time limits for conducting a preliminary hearing are tolled from October 1, 2020, until October 19, 2020.

IT IS SO STIPULATED.

Dated: September 30, 2020   _____/s/_____
Harris Taback
Attorney for Defendant Dina Gartsman

Dated: September 30, 2020   _____/s/_____
Ross Weingarten
Assistant United States Attorney

STIPULATION AND [PROPOSED] ORDER
3-20-MJ-70929 MAG

**(PROPOSED) ORDER**

The status conference scheduled for October 1, 2020 is hereby vacated and the parties are to appear on October 19, 2020 for arraignment on an Information. Based upon the representation of counsel and for good cause shown, the Court finds that failing to exclude the time between October 1, 2020 and October 19, 2020, would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv). The Court further finds that the ends of justice served by excluding the time between October 1, 2020 and October 19, 2020 from computation under the Speedy Trial Act outweigh the best interests of the public and the defendant in a speedy trial. The Court also finds good cause for extending the time limits for a preliminary hearing under Federal Rule of Criminal Procedure 5.1 and for extending the 30-day time period for an indictment under the Speedy Trial Act (based on the exclusions set forth above). See Fed. R. Crim. P. 5.1; 18 U.S.C. § 3161(b).

Therefore, IT IS HEREBY ORDERED that the time between October 1, 2020 and October 19, 2020 shall be excluded from computation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(A) and (B)(iv) and Federal Rule of Criminal Procedure 5.1.

DATED: September 30, 2020

_____
HONORABLE THOMAS S. HIXSON
United States Magistrate Judge